UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-20203

CRISTINA MUÑOZ,

 Plaintiff,

vs.

UNITED VETERINARY SERVICES LLC, PINECREST
ANIMAL MEDICAL CENTER L.L.C., AND
CHRISTIANO VIOTTI,

 Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Cristina Muñoz, sues Defendants, United Veterinary Services LLC, Pinecrest Animal Medical Center L.L.C., and Christiano Viotti, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Cristina Muñoz**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of the Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, United Veterinary Services LLC,** is a *sui juris* Florida for-profit limited liability corporation that was authorized to conduct and conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it employed Plaintiff.

6. **Defendant, Pinecrest Animal Medical Center L.L.C.,** is a *sui juris* Florida for-profit

1

limited liability corporation that was authorized to conduct and conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it employed Plaintiff.

7. **Defendant, Christiano Viotti,** also was and is an owner/officer/director/manager of both United Veterinary Services LLC, and Pinecrest Animal Medical Center L.L.C., for the time period relevant to this lawsuit. Defendant, Christiano Viotti, also ran its day-to-day operations, was responsible for all operational decisions and was partially or totally responsible for paying Plaintiff's wages.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## Background Facts

12. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendants cooperated/coordinated to manage Plaintiff and her work, to pay Plaintiff for her work, and they collectively manage their workforce, including the hiring and firing of workers, setting work schedules for their workers, providing the schedules, patients/clients, and

2

providing work assignments for their employees.

14. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

15. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their operation of veterinary hospitals where they provide care and treatment for domestic animals which, traditionally, cannot be performed without using computers, syringes, medications, ointments, monitors, computer networking equipment, phones, pharmaceuticals, goods, materials, gauze pads, supplies, and equipment that have all moved through interstate commerce.

16. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

17. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000.00 for each fiscal quarter in which Plaintiff worked.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

19. Plaintiff worked for the Defendants from approximately February 5, 2021, to December 15, 2022.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

20. Defendants at first paid Plaintiff through payroll issued by Pinecrest Animal Medical Center L.L.C. until May 12, 2022, after which time they issued payroll to her through United Veterinary Services LLC.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

22. Defendants paid Plaintiff at a rate of $21.00/hour for each hour worked, which they later increased to $23.00/hour.

23. Defendants also paid Plaintiff a non-discretionary bonus, calculated daily, based on a specific formula, and required Plaintiff to submit a sheet to them by email to calculate the daily bonus she earned during each pay period.

24. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

*Liability*

25. Defendants were required to include the non-discretionary bonus payments in Plaintiff's regular rate of pay when calculating the overtime wages she earned. 29 C.F.R. §778.110.

26. Defendant failed to include non-discretionary bonuses in Plaintiff's regular rate of pay, resulting in a miscalculation of her regular rate and resulting in overtime compensation in each pay period that such bonuses were paid, by categorizing the non-discretionary bonuses as "discretionary" on her pay stubs.

27. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in each given workweek.

28. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff

4

an overtime wage for the hours worked that included the bonus payments during the relevant time violated the FLSA, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate that included the bonus payments – including by categorizing the bonus payments as "discretionary" on her pay stubs, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the full amount of overtime pay earned.

29. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

30. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

31. Plaintiff is entitled to a back pay award of the difference in the overtime wages paid and the overtime wages she should have received (that should have included the non-discretionary bonuses in her regular rate of pay) for all overtime hours she worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Cristina Muñoz, demands the entry of a judgment in her favor and against Defendants, United Veterinary Services LLC, Pinecrest Animal Medical Center L.L.C., and Christiano Viotti, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Cristina Muñoz, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of January 2023,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:   305.230.4884
> *Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com