UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-CV-20203 – SCOLA/GOODMAN

CRISTINA MUÑOZ,

    Plaintiff,

v.

UNITED VETERINARY SERVICES LLC,
PINECREST ANIMAL MEDICAL CENTER LLC,
and CHRISTIANO VIOTTI,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, UNITED VETERINARY SERVICES LLC ("Defendant UVS"), PINECREST ANIMAL MEDICAL CENTER LLC ("Defendant Pinecrest Animal MC") (collectively, the "Corporate Defendants"), and CHRISTIANO VIOTTI ("Defendant Viotti") (collectively, "Defendants"), hereby file their Answer and Affirmative Defenses to the Complaint for FLSA Overtime Violation(s) [D.E. 1] ("Complaint") filed by Plaintiff, CRISTINA MUÑOZ ("Plaintiff"), and in support thereof state as follows:

## ANSWER

In response to the unnumbered paragraph preceding paragraph 1, Defendants admit that Plaintiff sues Defendants but deny Plaintiff's claims have any merit, Plaintiff has suffered any harm for which Defendants are liable, and Plaintiff is entitled to any relief from Defendants.

## Parties, Jurisdiction, and Venue

1. In response to paragraph 1, Defendants admit Plaintiff is over 18 years of age. Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 1 and therefore, deny those allegations and demand strict proof thereof.

2. In response to paragraph 2, Defendants admit Plaintiff was employed by Defendant UVS and Defendant Pinecrest Animal MC during different time periods. The remaining allegations in paragraph 2 state a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny those allegations and demand strict proof thereof.

3. The allegations in paragraph 3 state a legal conclusion to which a response is not required. To to the extent a response is required, Defendants deny those allegations and demand strict proof thereof.

4. In response to paragraph 4, Defendants are without sufficient knowledge to admit or deny the allegations contained therein and therefore, deny the allegations and demand strict proof thereof.

5. In response to paragraph 5, Defendants admit Defendant UVS is a Florida for-profit limited liability company that is authorized to and during the relevant time period, conducted business in Miami-Dade County, Florida. Defendants further admit that Defendant UVS employed Plaintiff in Miami-Dade County, Florida. Defendants deny the remaining allegations in paragraph 5 and demand strict proof thereof.

6. In response to paragraph 6, Defendants admit Defendant Pinecrest Animal MC is a Florida for-profit limited liability company that is authorized to and during the relevant time period, conducted business in Miami-Dade County, Florida. Defendants further admit that

Defendant Pinecrest Animal MC employed Plaintiff in Miami-Dade County, Florida. Defendants deny the remaining allegations in paragraph 6 and demand strict proof thereof.

7. In response to paragraph 7, Defendants admit Defendant Viotti served in the role of "Manager" of Defendant UVS and Defendant Pinecrest Animal MC during the time of Plaintiff's employment with each Corporate Defendant. Defendants deny the remaining allegations in paragraph 7 and demand strict proof thereof.

8. In response to paragraph 8, Defendants admit venue is proper in the Southern District of Florida. Defendants deny the remaining allegations and demand strict proof thereof.

9. In response to paragraph 9, Defendants admit this Court has original jurisdiction over Plaintiff's FLSA claims. Defendants deny the remaining allegations in paragraph 9 and demand strict proof thereof.

10. Defendants deny the allegations in paragraph 10 and demand strict proof thereof.

11. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 11 and therefore, deny them and demand strict proof thereof.

**Background Facts**

12. The allegations in paragraph 12 state a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

13. Defendants deny the allegations contained in paragraph 13 and demand strict proof thereof.

14. The allegations in paragraph 14 state a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

15. The allegations in paragraph 15 state a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

16. Defendants deny the allegations contained in paragraph 16 and demand strict proof thereof.

17. In response to paragraph 17, Defendants admit that each of the Corporate Defendants grossed $500,000 or more in annual gross revenues in 2021 and 2022. Defendants deny the remaining allegations and demand strict proof thereof.

18. In response to paragraph 18, Defendants admit the allegations contained therein as to the Corporate Defendants only. Defendants deny the remaining allegations in paragraph 18 and demand strict proof thereof.

19. In response to paragraph 19, Defendants admit Plaintiff worked for Defendant UVS from on or about February 7, 2021 through on or about May 15, 2022 and for Defendant Pinecrest Animal MC from on or about May 16, 2022 through on or about December 15, 2022. Defendants deny the remaining allegations in paragraph 19 and demand strict proof thereof.

20. In response to paragraph 20, Defendants admit Plaintiff was paid by Defendant UVS from on or about February 16, 2021 through on or about May 14, 2022 and by Defendant Pinecrest Animal MC from on or about May 15, 2022 through on or about January 5, 2023. Defendants deny the remaining allegations in paragraph 20 and demand strict proof thereof.

21. In response to paragraph 21, Defendants admit the allegations contained therein as to the Corporate Defendants only. Defendants deny the remaining allegations in paragraph 21 and demand strict proof thereof.

22. In response to paragraph 22, Defendants admit Plaintiff earned $18 per hour from her commencement of employment with Defendant UVS until on or about August 1, 2021, at which time she began earning $21 per hour. Defendants also admit that beginning on or about May 16, 2022, Plaintiff earned $21 per hour from Defendant Pinecrest Animal MC until on or about September 16, 2022, at which time she began earning $23 per hour. Defendants deny the remaining allegations in paragraph 22 and demand strict proof thereof.

23. Defendants deny the allegations in paragraph 23 and demand strict proof thereof.

24. Defendants deny the allegations in paragraph 24 and demand strict proof thereof.

**<u>Liability</u>**

In response to the heading "Liability" preceding paragraph 25, Defendants deny Plaintiff's claims have any merit, Plaintiff has suffered any harm for which Defendants are liable, and Plaintiff is entitled to any relief from Defendants.

25. The allegations in paragraph 25 state a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the allegations and demand strict proof thereof.

26. Defendants deny the allegations in paragraph 26 and demand strict proof thereof.

27. Defendants deny the allegations in paragraph 27 and demand strict proof thereof.

28. Defendants deny the allegations in paragraph 28 and demand strict proof thereof.

29. Defendants deny the allegations in paragraph 29 and demand strict proof thereof.

30. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 30 and therefore, deny the allegations and demand strict proof thereof.

31. Defendants deny the allegations in paragraph 31 and demand strict proof thereof.

In response to the Wherefore Clause of Count I (titled "Liability") of the Complaint, including all of its subparts, Defendants deny all of the allegations contained therein, including that Plaintiff is entitled to any of the requested relief from Defendant, and demand strict proof thereof.

In response to the Jury Demand following Count I of the Complaint, Defendants acknowledge that Plaintiff demands a trial by jury but deny Plaintiff's claims have any merit, Plaintiff has suffered any harm for which Defendants are liable, and Plaintiff is entitled to any relief from Defendants.

## GENERAL DENIAL

Defendants deny all allegations, requests for relief, captions, headings, or notes throughout the Complaint that are not specifically admitted by Defendants.

## AFFIRMATIVE DEFENSES AND DEFENSES

Subject to and without waiving the above denials, Defendants allege the following further and separate affirmative defenses and defenses:

1. Defendants have violated no legal or contractual duty owed to Plaintiff. Therefore, Plaintiff is not entitled to recover against Defendants.

2. Plaintiff has been paid all wages which were due and owing and to which Plaintiff was entitled to.

3. If Plaintiff proves that Defendants acted in violation of the FLSA, such actions were not willful or reckless, but rather in good faith and based on a reasonable belief that such actions were not in violation of the FLSA.  Thus, neither liquidated damages nor an extended statute of limitations is warranted.

      4.      Plaintiff's FLSA claims, if any, are *de minimus*, and therefore not subject to payment.

      5.      To the extent that Plaintiff engaged in activities during alleged work time that were personal in nature, were not for the benefit of Defendants, or did not involve physical or mental exertion controlled or required by Defendants, Plaintiff's claims are barred.

      6.      Plaintiff has been paid all wages which were due and owing.

## **RESERVATION OF RIGHTS**

Defendants hereby give notice that they intend to rely on such other affirmative defenses and defenses as might become available or apparent during the course of discovery, and thus, Defendants reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses and Defenses.

**WHEREFORE,** Defendants, UNITED VETERINARY SERVICES LLC, PINECREST ANIMAL MEDICAL CENTER LLC, and CRISTIANO VIOTTI, respectfully request that the Court enter judgment in their favor, dismissing Plaintiff's claims with prejudice, and awarding Defendants their costs.

Respectfully submitted this 15th day of February 2023.

> */s/ Diane P. Perez*
> Diane P. Perez, B.C.S.
> Fla. Bar No. 41869
> **DIANE PEREZ, P.A.**
> One Alhambra Plaza, PH Floor
> Coral Gables, FL 33134
> Tel: (305) 985-5676
> Email: diane@dianeperezlaw.com
> *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

>  /s/ Diane P. Perez
>  Diane P. Perez, B.C.S.
>  Fla. Bar No. 41869

**SERVICE LIST**
Brian H. Pollock, Esq.
FAIRLAW FIRM
135 San Lorenzo Avenue Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
E-mail: brian@fairlawattorney.com
Counsel for Plaintiff