UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-CV-20203 – SCOLA/GOODMAN

CRISTINA MUÑOZ,

    Plaintiff,

v.

UNITED VETERINARY SERVICES LLC,
PINECREST ANIMAL MEDICAL CENTER LLC,
and CHRISTIANO VIOTTI,

    Defendants.
_____/

## DISCOVERY PLAN AND CONFERENCE REPORT

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Rule 16.1(a), (b)(2), and (b)(3) of the Local Rules of the United States District Court for the Southern District of Florida, and this Court's Order Requiring Discovery and Scheduling Conference dated January 24, 2023 [ECF No. 4] (the "Order"), the Parties, Plaintiff CRISTINA MUÑOZ ("Plaintiff") and Defendants UNITED VETERINARY SERVICES LLC, PINECREST ANIMAL MEDICAL CENTER LLC, and CHRISTIANO VIOTTI (collectively, "Defendants") (collectively, Plaintiff and Defendant referred to herein as the Parties), hereby file this Discovery Plan and Conference Report and accompanying Schedule Proposed by the Parties with deadlines based on the Court's Example of Scheduling Timeline for Expedited Track Cases, attached to the Order as Attachment "A."

The Parties, through undersigned counsel, conferred on March 1, 2023.

**I.      PROPOSED DISCOVERY PLAN PURSUANT TO RULE 26(f)(3)**

**(A)     CHANGES IN THE TIMING, FORM, OR REQUIREMENT FOR DISCLOSURES UNDER FEDERAL RULE 26(A), INCLUDING WHEN INITIAL DISCLOSURES WILL BE MADE.**

The Parties stipulate and agree to exchange their Rule 26(a)(1) Initial Disclosures on or before **March 17, 2023.** The Parties do not propose any other changes in timing, form, or requirements under Fed. R. Civ. P. 26(a).

**(B)     SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED, WHEN DISCOVERY SHOULD BE COMPLETED, AND HOW DISCOVERY SHOULD BE CONDUCTED.**

The Parties anticipate discovery will be needed on all claims and defenses of both Parties in this case, including issues pertaining to liability and damages. The Parties consent that e-mail is an acceptable service method (including for discovery) in this action, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

**(C)     ISSUES ABOUT DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI"), INCLUDING THE FORM IN WHICH IT SHOULD BE PRODUCED.**

The Parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production: Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

1.      **Nature of Production of ESI.** Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, on a USB Drive, through a shared link, by e-mail, or by other electronic means. If the receiving party determines in good faith that a disclosure of a document in a printed format does not adequately

2

allow the party to review the document or questions the authenticity of the document, the receiving party may request that an electronic/native copy be provided to it.

2.      **Cost and Burden of Producing Electronic Discovery.** Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the requests; (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

3.      **Inadvertent Disclosure of Privileged Documents.** To the extent that counsel for a disclosing party receives electronic discovery from its client and the discovery does not contain any privileged communications, counsel for the disclosing party may forward such electronic discovery to opposing counsel by e-mail without waiving the attorney-client privilege. The Parties agree that if counsel for either party inadvertently discloses information protected by the attorney-client privilege, such disclosure shall not constitute a waiver of the attorney-client privilege. When a party learns that privileged information, either received or produced has been inadvertently disclosed, the party shall notify the other party in writing and the document shall be returned so that the document may be withheld or redacted, as appropriate and shall be identified in a privilege log. However, the Parties acknowledge and agree that either party may challenge the other party's claim of privilege pursuant to Rule 37 of the Federal Rules of Civil Procedure.

4. **Preservation of Data.** The Parties will make every effort to preserve all electronic data relevant to either party's claims or defenses.

5. **Additional Issues.** At this time, the Parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the Parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

**(D)   ISSUES ABOUT CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIAL.**

The Parties have agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production, as follows:

The Parties may assert claims of attorney-client privilege and/or work product protection after the production of such information upon a showing that such production was inadvertent and that the party had engaged in efforts to protect against the inadvertent disclosure of privileged information. The Parties agree to work cooperatively (as required by Rule 26) in resolving any related discovery disputes, including any claims of privilege that may be asserted at any time.

The Parties expect to negotiate and enter into an agreement providing for the protection against re-disclosure or inappropriate use of certain documents or things produced in discovery and otherwise providing for the protection of certain documents after production. The Parties intend to enter into a mutually agreeable confidentiality agreement governing the treatment and disclosure of proprietary and confidential information.

**(E)   WHETHER CHANGES SHOULD BE MADE IN LIMITATIONS ON DISCOVERY UNDER THE FEDERAL OR LOCAL RULES.**

The Parties do not propose any changes to the limitations on discovery imposed by the Federal or Local Rules.

**(F) OTHER ORDERS THAT SHOULD BE ENTERED BY THE COURT UNDER RULE 26(C) OR RULE 16(B) AND (C) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

None at this time.

II. **ITEMS PURSUANT TO S.D. FLA. L.R. 16.1(b)(2).**

**(A) THE LIKELIHOOD OF SETTLEMENT (16.1(B)(2)(A)).**

The Parties are in the process of exploring in good faith the possibility of settlement. The Parties will promptly notify the Court should they reach a settlement, as contemplated by S.D. Fla. L.R. 16.1(b)(2)(B).

**(B) THE LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES (16.1(B)(2)(B)).**

At this time, the Parties believe the appearance of additional parties is unlikely.

**(C) PROPOSED LIMITS ON THE TIME (16.1(B)(2)(C)).**

Disregarded, per the Court's Order [ECF No. 4]

**(D) PROPOSALS FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES, INCLUDING THE ELIMINATION OF FRIVOLOUS CLAIMS OR DEFENSES, AND THE NUMBER AND TIMING OF MOTIONS FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT (16.1(B)(2)(D)).**

At this time, the Parties do not have any proposals for the simplification of issues. The Parties will continue to discuss the possibility of simplifying the issues to streamline the case to the fullest extent possible, as litigation proceeds. At this time, the Parties anticipate the possibility of some or all of the parties filing a motion for summary judgement after the close of discovery. The Parties believe summary judgment or partial summary judgment should be limited to a single motion for each side.

**(E)   THE NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS (16.1(B)(2)(E)).**

The Parties do not anticipate amendments to the pleadings at this time. The Parties will continue to assess the need to amend the pleadings as litigation proceeds.

**(F)   THE POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS, ESI OR THINGS WHICH WILL AVOID UNNECESSARY PROOF, STIPULATIONS REGARDING AUTHENTICITY OF DOCUMENTS, ESI OR THINGS, AND THE NEED FOR ADVANCE RULINGS FROM THE COURT ON ADMISSIBILITY OF EVIDENCE (16.1(B)(2)(F)).**

The Parties will confer in good faith and anticipate they will obtain certain admissions of fact and documents, as discovery progresses, which will avoid unnecessary proof. The Parties further anticipate they will confer in good faith and stipulate to the authenticity of documents about which there is no question of authenticity and will only seek advance rulings from the Court on the admissibility of evidence when the Parties cannot agree.

**(G)   SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE (16.1(B)(2)(G)).**

At this time, the Parties do not have any suggestions for the avoidance of unnecessary proof and of cumulative evidence. As this case progresses, the Parties will in good faith confer to discuss such suggestions and will make such suggestions to the Court in advance of the applicable discovery cut-off date and before the status conference.

**(H)   SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER (16.1(B)(2)(H)).**

The Parties do not object to the referral of discovery matters to Magistrate Judge Goodman but do not consent to referring any other matters, such as dispositive motions and/or trial, to the Magistrate Judge.

**(I) A PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL (16.1(B)(2)(I)).**

At this time, the Parties estimate that a trial in this matter will take approximately 2-3 days.

**(J) REQUESTED DATE OR DATES FOR CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE, AND TRIAL (16.1(B)(2)(J)).**

(1) The proposed deadline for the pre-trial conference is **October 11, 2023**.

(2) The proposed trial date for trial **October 23, 2023**.

**(K) ANY ISSUES ABOUT: (I) DISCLOSURE, DISCOVERY, OR PRESERVATION OF ESI, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED; (II) CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS, INCLUDING -- IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT THOSE CLAIMS AFTER PRODUCTION -- WHETHER TO ASK THE COURT TO INCLUDE THEIR AGREEMENT IN AN ORDER UNDER FEDERAL RULE OF EVIDENCE 502; AND (III) WHEN THE PARTIES HAVE AGREED TO USE THE ESI CHECKLIST AVAILABLE ON THE COURT'S WEBSITE (WWW.FLSD.USCOURTS.GOV), MATTERS ENUMERATED ON THE ESI CHECKLIST (16.1(B)(2)(K)).**

See Sections I(C), I(D), and I(F) of this Report. At this time, the Parties do not have any issues on the ESI Checklist that they need to discuss with the Court.

**(L) ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRE-TRIAL CONFERENCE (16.1(B)(2)(L)).**

(1) Selection of a Mediator. The parties propose that they select a mediator certified under Local Rule 16.2.B, by **May 3, 2023**.

(2) Mediation. The parties propose that they complete mediation and file a mediation report by **July 10, 2023**. At this time, the Parties are unaware of any other information that might be helpful to the Court in setting the case for status or pretrial conference.

Respectfully submitted this 7th day of March 2023.

By: /s/ Brian H. Pollock
    Brian H. Pollock, Esq.
    Fla. Bar No. 174742
    brian@fairlawattorney.com
    FAIRLAW FIRM
    135 San Lorenzo Avenue Suite 770
    Coral Gables, FL 33146
    Tel: 305.230.4884
    Counsel for Plaintiff

By: /s/ Diane P. Perez
    Diane P. Perez, B.C.S.
    Fla. Bar No. 41869
    diane@dianeperezlaw.com
    DIANE PEREZ, P.A.
    One Alhambra Plaza
    PH Floor
    Coral Gables, FL 33134
    Tel: (305) 985-5676
    Counsel for Defendants