**CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

UNITED VETERINARY SERVICES LLC ("**UVS**"), PINECREST ANIMAL MEDICAL CENTER LLC ("**Pinecrest Animal MC**"), and CHRISTIANO VIOTTI ("**Viotti**") (collectively, "**Defendants**") and CRISTINA MUÑOZ, her heirs, executors, administrators, successors, and assigns (collectively referred to herein as "**Muñoz**" or "**Plaintiff**"), (collectively, the Defendants and Plaintiff referred to herein as the "**Parties**") hereby enter into this Confidential Settlement Agreement and Release ("**Agreement and Release**") this 1st day of June 2023, agreeing as follows:

WHEREAS, Muñoz filed a lawsuit in the U.S. District Court for the Southern District of Florida, titled Cristina Muñoz v. United Veterinary Services LLC, Pinecrest Animal Medical Center LLC, and Christiano Viotti, Case No. 1:23-cv-20203 – SCOLA/Goodman (the "**Lawsuit**"), in which she alleged that Defendants failed to pay her overtime compensation in violation of the Fair Labor Standards Act ("FLSA");

WHEREAS, Defendants deny any liability to Muñoz; and

WHEREAS, despite this denial, the Parties prefer to avoid the uncertainties of and expenses of further litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the Parties as follows:

1. **NO COMPROMISE OF FLSA CLAIMS; DISMISSAL OF CASE**

Muñoz agrees that she has not compromised her FLSA claims and that therefore, approval of this Agreement and Release, pursuant to Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982), is not required. The Parties agree that Defendants shall deliver the Settlement Payment identified in paragraph 2, along with a fully executed copy of this Agreement and Release, to the office of FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, no later than seven (7) days after Muñoz signs this Agreement and Release and provides the signed version to counsel for Defendants by e-mail. After all Parties have timely signed and after the checks are timely delivered, counsel shall file a Joint Notice of No Compromise and Stipulation for Dismissal with Prejudice in the Lawsuit, along with a proposed Order of Dismissal (to also be submitted to the Court via email). Counsel for Muñoz shall hold the

_____
Muñoz

_____ *CV*
UVS

_____ *CV*
Pinecrest Animal MC

_____ *CV*
Viotti

1

checks in escrow and not cash or release them until the Court enters its Order of Dismissal with Prejudice (or similar Order). The Parties further acknowledge and agree that this Agreement and Release will not be valid unless and until the Court dismisses the Lawsuit with prejudice and the date of the Court's Order dismissing the Lawsuit with prejudice shall be the Effective Date of this Agreement and Release (the "**Effective Date**"). The Parties agree to take such other and further actions as are necessary to obtain the dismissal of the Lawsuit with prejudice. If the Court declines to dismiss the Lawsuit, this Agreement and Release shall be null and void in its entirety and the checks shall be returned to Defendants.

2. **CONSIDERATION.** In consideration for the execution by Muñoz of this Agreement and Release, and her compliance with the promises contained herein, Defendants agree to pay Muñoz within ten (10) days from the Effective Date a total of **THIRTEEN THOUSAND, NINE HUNDRED, TWELVE DOLLARS AND THIRTY-FOUR CENTS ($13,912.34)** (the "**Settlement Payment**"), to which Muñoz would not otherwise be entitled to. The Settlement Payment shall be broken down as follows:

   a. One check payable to Muñoz, for alleged unpaid overtime, **$2,456.17,** for which a Form W2 will be provided to Muñoz; and

   b. One check payable to Muñoz, for alleged liquidated damages and the other promises contained in this agreement, **$2,456.17,** for which a Form 1099 will be provided to Muñoz; and

   c. One check payable to Muñoz's attorney, FairLaw Firm, for fees and costs, **$9,000.00,** for which a Form 1099 will be provided to the aforementioned law firm and to Muñoz.

Defendants makes no representation regarding the taxability of the Settlement Payment paid pursuant to this Agreement and Release. Muñoz agrees to pay her portion of federal, state, or local taxes, if any, which are required to be paid with respect to this Agreement and Release. Muñoz agrees to provide Defendants with executed Forms W-4 and W-9 upon her execution of this Agreement and Release. Moreover, Muñoz agrees to indemnify Defendants and hold them harmless from her share of any interest, taxes, or penalties assessed against Defendants by any governmental agency as the result of the non-payment of taxes on the Settlement Payment paid to Muñoz under this Agreement and Release.

_____
Muñoz

_____ *cv*
UVS

_____ *cv*
Pinecrest Animal MC

_____ *cv*
Viotti

2

3. **NO CONSIDERATION ABSENT EXECUTION OF THIS AGREEMENT AND RELEASE.** Muñoz understands and agrees that she would not receive the monies and/or benefits specified in Section 2 above, except for Muñoz's fulfillment of the promises contained herein.

4. **RELEASE OF CLAIMS.** With the exception of the Carved Out Claims (as defined below) and in consideration for the Settlement Payment identified in Section 2 and the promises contained herein, Muñoz knowingly and voluntarily releases and forever discharges Defendants, their parents, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and officers, directors, managers, employees and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement and Release as "**Releasees**"), of and from any and all other claims, including, but not limited to, claims that are known and/or unknown, asserted and/or unasserted, which Muñoz has and/or may have against Releasees as of the date of Muñoz's execution of this Agreement and Release, including, but not limited to, any and all claims arising from or in any way connected with Muñoz's employment with Defendants or the termination of Muñoz's employment with Defendants, such as, but not limited to: claims for unpaid wages, the minimum wage, and overtime compensation; claims for wrongful discharge, retaliation or whistleblowing; claims under the Americans with Disabilities Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Civil Rights Acts of 1866 and 1871, the Fair Labor Standards Act, the Family Medical and Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Pregnancy Discrimination Act, the Racketeer Influenced and Corrupt Company Act, Florida's Private Sector Whistleblower Act, the Florida Minimum Wage Act, the Rehabilitation Act, any and all local, state and federal statutes or laws; claims under the common law; claims for negligence, gross negligence or any other tort claim, including, but not limited to, intentional infliction of emotional distress, invasion of privacy, or false imprisonment; claims for breach of express or implied contract, interference with contractual relations, wages or benefits owed, covenants of fair dealing and good faith, civil conspiracy, duress, promissory or equitable estoppel, defamation, slander, fraud, mistake, misrepresentation, violation of public policy, personal injury, breach of fiduciary duty, loss of consortium, bad faith, and any other wrongful conduct; and claims under any and all federal, state or local laws, statutes, regulations, ordinances, or other similar provisions.

The only excluded claims from this release are claims of gender discrimination and sexual harassment (the "**Carved Out Claims**"). The Parties agree that the "Carved Out Claims" for gender discrimination and/or sexual harassment, whether pursuant to federal law, Florida law,

_____  _____
Muñoz                        UVS

_____
Pinecrest Animal MC

_____
Viotti

or a local/municipal ordinance, shall not be released, compromised, or adversely affected by this Agreement or any provision in this Agreement, notwithstanding any conflicting language to the contrary.

Muñoz agrees that it is Muñoz's express intent to enter into this full and final compromise and release of any and all claims she may have against the Releasees other than the Carved Out Claims. However, notwithstanding the foregoing, nothing in this Agreement and Release shall be construed to waive any right that is not subject to waiver by private agreement, including, without limitation, any claims arising under state unemployment insurance or workers compensation laws. If any claim is not subject to release, to the extent permitted by law, Muñoz waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any of the Releasees identified in this Agreement and Release is a party.

Muñoz further warrants and represents that she has not assigned or transferred, in whole or in part, to any other person or entity any claim of any sort whatsoever she has and/or may have against Releasees. It is understood and agreed that with the exception of the Carved Out Claims, this Agreement and Release constitutes a full and final bar to all other claims or demands of any kind that Muñoz has or may have against the Releasees, including costs, attorneys' fees, or other expenses.

Muñoz specifically agrees: (A) that other than the Carved Out Claims, any other claims she has or might have pertaining to Defendants' employment practices arising under any local, state, or federal law are now completely settled; and (B) that other than as related to the Carved Out Claims, she will withdraw and/or dismiss with prejudice any pending complaints (including, without limitation, the Lawsuit), charges, claims, or causes of action that may have been filed against Defendants with any local, state, or federal government agency or court. Nothing in this Agreement and Release is intended to or shall interfere with Muñoz's rights under federal, state, or local civil rights or employment discrimination laws to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency, including, without limitation, the Equal Employment Opportunity Commission (the "EEOC"), the National Labor Relations Board ("NLRB"), the Internal Revenue Service ("IRS"), the Office of Inspector General ("OIG"), or any equivalent state or local agency or authority, or from participating in an investigation or proceeding by any such governmental agency or authority. However, to the extent permitted by law and with the exception of the Carved Out Claims, Muñoz shall not be entitled to any relief, recovery, or monies in connection with any

_____  
Muñoz

_____cv_____  
UVS

_____cv_____  
Pinecrest Animal MC

_____cv_____  
Viotti

4

such action or investigation brought against Defendants, regardless of who filed or initiated any such complaint, charge, or proceeding.

### 5. ACKNOWLEDGMENTS AND AFFIRMATIONS.

With the exception of the Carved Out Claims, Muñoz waives all other claims against Releasees and agrees not to institute a lawsuit against the Releasees based on the delineated claims or rights.

Muñoz further acknowledges and agrees that with respect to the claims she is releasing, Muñoz waives not only her right to recover money or any other relief in any action she might commence, but also her right to recover in any action brought on her behalf by any federal, state, or local agency.

Muñoz acknowledges and affirms she is aware of her obligations to make tax payments on the Settlement Payment and agrees to forward to the Internal Revenue Service any tax payments due as a result of any/all payment resulting from this Agreement and Release.

Muñoz agrees that if a subpoena or legal process is issued with regard to the Releasees, Muñoz will notify counsel for the Defendants, in writing, at least ten (10) calendar days before responding to the subpoena or legal process, at the following address: Diane P. Perez, B.C.S., Diane Perez, P.A., 1108 Ponce de Leon Blvd., Coral Gables, FL 33134, Telephone: (305) 985-5676, E-mail: Diane@DianePerezLaw.com.

Muñoz acknowledges and affirms that she has returned all of Defendants' property in Muñoz's possession, custody and/or control. Muñoz also acknowledges and affirms that she is in possession of all of Muñoz's property that she had at Defendants' premises.

The Parties acknowledge and affirm that this Agreement and Release does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. The Parties acknowledge that Muñoz retains the right to communicate with such agencies. Nothing in this Agreement and Release limits Muñoz's ability to receive an award from a government-administered whistleblower award program as a result of providing information directly to a government agency.

_____
Muñoz

_____CU___
UVS

_____CU___
Pinecrest Animal MC

_____CU___
Viotti

The Parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, Muñoz has declared that the claims released herein do not involve any illness, injury, incident, or accident in which medical expenses were incurred. This affirmation is a material term of this Agreement and Release and without which Defendants would not have agreed to enter into this Agreement and Release. Furthermore, notwithstanding any provision herein to the contrary, Muñoz does not release any claim she may have against Defendants for any medical expenses paid by Medicare on Muñoz's behalf. Accordingly, Medicare has no interest in the payment under this settlement. If Medicare (or the agency representing Medicare's interests) later determines that it does have an interest in the payment to Muñoz under this settlement, Muñoz will indemnify Defendants as soon as possible for any payments and/or penalties Defendants make to Medicare (or the agency collecting on behalf of Medicare) as a result of the payment under this Agreement and Release.

Muñoz acknowledges and affirms that there was no undue influence, overreaching, collusion, or intimidation in reaching this Agreement and Release.

### 6.  CONFIDENTIALITY.

As a material condition to this Agreement and Release, Muñoz agree that she will not disclose or discuss the existence of a settlement and/or the terms of this Agreement and Release with any other person, except her attorney, accountant, tax advisor, spouse, or as needed to report taxes, unless compelled by law. Moreover, in the event that Muñoz discuss this Agreement and Release with her attorney, accountant, tax advisor, or spouse, it shall be her duty, responsibility, and obligation to direct them to comply with the terms of this Section 6. Muñoz shall be fully and completely responsible for any breach by them of this Section 6.

Muñoz recognizes and agrees that given the difficulty of ascertaining the great and irreparable injury Defendants will suffer in the event of any breach of this Section 6. Thus, in the event of a proven breach of this Section 6, Muñoz agrees that she shall pay Defendants $1,000 per breach as liquidated damages. Muñoz agrees that this provision is not a penalty of any kind, but instead, intended to be a reasonable measure of the anticipated probable harm resulting from any breach. Muñoz further agrees that despite these liquidated damages, Defendants shall be entitled to seek injunctive relief and other damages, including attorneys' fees and costs, from Muñoz in the event of a proven breach by Muñoz.

Nothing contained herein, however, shall be construed as a prohibition against the filing

_____  
Muñoz

*cv*  
UVS

*cv*  
Pinecrest Animal MC

*cv*  
Viotti

6

with the Court of this Agreement and Release for the Court's approval pursuant to <u>Lynn's Food Stores, Inc. v. U.S. Dep't of Labor</u>, 679 F.2d 1350 (11th Cir. 1982) or for enforcement.

Muñoz agrees that she has read this Agreement and Release and that it is binding and enforceable; that this Agreement and Release is the result of a confidential proceeding and the signators agree to be bound by the terms of this Section 6 unless agreed to in writing by all signators or unless ordered by a court or government entity with legal authority to compel such disclosure.

7. **GOVERNING LAW AND INTERPRETATION.** This Agreement and Release shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Agreement and Release and/or seek any damages for breach. Should any provision of this Agreement and Release be declared illegal or unenforceable by any court of competent jurisdiction or government agency and cannot be modified to be enforceable, excluding the release language in Section 4, such provision shall immediately become null and void, leaving the remainder of this Agreement and Release in full force and effect.

8. **NON-ADMISSION OF WRONGDOING.** The Parties agree that neither this Agreement and Release nor the furnishing of the consideration for this Agreement and Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **NON-DISPARAGEMENT.** Muñoz agrees that she shall not make, oral or written, in any form or media or to any other person or entity, any statements about Defendants which Muñoz knows to be a false or which Muñoz makes with reckless disregard as to the statement's truth or falsity.

Defendants (limited only to Christiano Viotti, Dr. Anne Valdes, and Joy Gilpin (the "Defendants' No Disparagement Group")) shall not make, oral or written, in any form or media or to any other person or entity, any statements about Muñoz which the Defendants' No Disparagement Group knows to be false or which the Defendants' No Disparagement Group makes with reckless disregard as to the statement's truth or falsity.

Nothing in this Non-Disparagement provision prevents the Parties from making any statements in connection with Muñoz's gender discrimination and/or sexual harassment

_____  
Muñoz

_cV_  
UVS

_cV_  
Pinecrest Animal MC

_cV_  
Viotti

7

claims.

**10.** **NEUTRAL REFERENCES.** Upon executing this agreement, Muñoz authorizes Defendants, should Defendants be contacted by any prospective employer(s) of Muñoz, to discuss Muñoz's employment or independent contractor relationship with such prospective employer(s). All inquiries from any prospective employer(s) of Muñoz should be directed only to Sherry Tran, Human Resource Manager, or her successor who will respond to such inquiries by only disclosing Muñoz's dates of work and position held without reference to any claim, demand, lawsuit, or the resolution thereof. Defendants agree to not disparage Muñoz during such communications.

Muñoz acknowledges and agrees that should Muñoz intentionally or inadvertently use any other employee of Defendants as a reference other than Sherry Tran (or her successor), Muñoz agrees that the person so used is acting solely in a personal capacity, not on behalf of Defendants, and Defendants shall have no liability to Muñoz for any information provided by the person so used, regardless of truth or falsity.

**11.** **AMENDMENT.** This Agreement and Release may not be modified, altered, or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and Release.

**12.** **ENTIRE AGREEMENT.** This Agreement and Release sets forth the entire agreement between the Parties hereto and fully supersedes any prior agreements or understandings between the Parties. Muñoz acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with the decision to accept this Agreement and Release except for those set forth in this Agreement and Release.

**13.** **BREACH/ENFORCEMENT OF AGREEMENT AND PREVAILING PARTY ATTORNEY'S FEES AND COSTS.** Should any party to this Agreement and Release be required to enforce or defend the terms of this Agreement and Release in any proceeding, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs incurred by the prevailing party throughout all stages of the proceeding, including all appeals.

**14.** **COUNTERPARTS; ELECTRONIC SIGNATURE.** This Agreement and Release may be signed in counterparts; emailed, .pdf, and fax copies and electronic signatures to be considered the same as an original for all purposes. This Agreement may be electronically

_____  
Muñoz

_cV_  
UVS

_cV_  
Pinecrest Animal MC

_cV_  
Viotti

signed through the use of an electronic signature software, such as DocuSign or Adobe that is legally binding and fully traceable. Defendants represent that each person who signs on behalf of a corporate entity has the legal authority to do so.

15. **NO CONSTRUCTION AGAINST DRAFTER.** This Agreement and Release is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any party based on attribution of drafting by any party. The terms of this Agreement and Release are executed without reliance upon any representations of any kind, except those expressly contained herein, and the Parties have carefully read this Agreement and signed the same voluntarily, of their own free will, and without duress of any kind from any person or entity.

16. **ACKNOWLEDGMENT.** Muñoz acknowledges that she has been given a reasonable period of time in which to consider signing this Agreement and Release, that she has consulted with her counsel before signing this Agreement and Release, and that Muñoz agrees to the Agreement and Release in its entirety. In addition, Muñoz acknowledges that Defendants have not made any representations other than those contained in this Agreement. Muñoz also acknowledges that she is entering into this Agreement and Release voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that with the exception of the Carved Out Claims, it constitutes a full and final settlement and bar as to any and all claims she had or may have now have against Defendants.

**SIGNATURE PAGE FOLLOWS**

_____
Muñoz

_cU_
UVS

_cU_
Pinecrest Animal MC

_cU_
Viotti

MUÑOZ FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE THE ABOVE-REFERENCED CLAIMS SHE HAS OR MAY HAVE AGAINST DEFENDANTS.

UNITED VETERINARY SERVICES, LLC

By: _____

Date: 06/01/23

_____
**CRISTINA MUÑOZ**

_____
Date

PINECREST ANIMAL MEDICAL CENTER, LLC

By: _____

Date: 06/01/23

_____
**CHRISTIANO VIOTTI**

Date: 06/01/23

_____
Muñoz

_____
CV
UVS

_____
CV
Pinecrest Animal MC

_____
CV
Viotti

10

MUÑOZ FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE THE ABOVE-REFERENCED CLAIMS SHE HAS OR MAY HAVE AGAINST DEFENDANTS.

UNITED VETERINARY SERVICES, LLC

*Cristina Muñoz*
Cristina Muñoz (Jun 1, 2023 16:41 EDT)
**CRISTINA MUÑOZ**

By: _____

Jun 1, 2023
Date

Date

PINECREST ANIMAL MEDICAL CENTER LLC

By: _____

Date

**CHRISTIANO VIOTTI**

Date

*CM*
CM
Muñoz

UVS

Pinecrest Animal MC

Viotti

10